WARNER et al. v. UNITED STATES et al.
Civ. A. 1742.

United States District Court
W. D. Tennessee, W. D.
Oct. 6, 1950.

Wrape & Hernley and Glenn M. Elliott, all of Memphis, Tenn., for plaintiffs.

John F. Baecher and Gerald L. Phelps, Special Assts. to the Atty. Gen., for the United States.

John Brown, U. S. Atty., and Edw. Vaden, Asst. U. S. Atty., Memphis, Tenn., Harry C. Ames, Washington, D. C., and Lucius E. Burch, Jr., Memphis, Tenn., for the intervenors.

Daniel W. Knowlton, Chief Counsel, and Samuel R. Howell, Asst. Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

Before MARTIN, Circuit Judge, and DARR and BOYD, District Judges.

PER CURIAM.

### Findings of Fact.

1. The plaintiffs, Russell V. Warner and George H. Tamble, are co-partners doing business as Warner and Tamble Transportation Company of Memphis, Tennessee.

2. The defendants are the United States of America, the Interstate Commerce Commission, and the intervening defendants are the American Barge Line Company, the Mississippi Valley Barge Line Company, and the Union Barge Line Corporation.

3. On December 30, 1940 the plaintiffs filed with the interstate Commerce Commission an application seeking a declaration that that portion of their water carrier business consisting of the transportation of forest products and contractors' equipment was exempt from regulation by that Commission pursuant to Section 303(e) of the Interstate Commerce Act, 49 U.S.C. A. § 903(e).

4. On May 9, 1942 Division 4 of the Interstate Commerce Commission, following a hearing on June 2, 1941, made a report accompanied by an order granting the above application as to contractors' equipment but denying the application as to forest products. Warner & Tamble Transportation Co.—Exemption section 303(e), 250 ICC 803.

5. On May 28, 1941 the plaintiffs filed a second application with the Commission seeking in the alternative a permit or a certificate of public convenience and necessity authorizing the continuance in the future under Sections 309(e) or 309(f) of the Interstate Commerce Act, 49 U.S.C.A. § 909 (e, f) of water carrier operations of general commodities on the Mississippi River and its tributaries.

6. A proposed report was issued by the Commission's Bureau of Water Carriers on August 30, 1945, followed by the filing of

exceptions and the holding of a public hearing on May 22-23, 1946. A second proposed report was issued on December 10, 1946, oral argument was heard by Division 4 of the Commission on April 10, 1947, and on July 7, 1947 Division 4 issued a report and order authorizing issuance of a permit under Section 309(f) of the Interstate Commerce Act for part of the claimed operations, confirming the previously issued exemption for part of the operations, and denying the remainder of the application. Warner & Tamble Contract Carrier Application, 265 ICC 147.

7. Following the plaintiffs' petition for reconsideration, further public hearings were held by an examiner on April 29-30, 1948, a proposed report issued on October 20, 1948, oral argument was heard by Division 4 on March 30, 1949 and a report accompanied by an order and permit was issued on May 17, 1949. Warner & Tamble Contract Carrier Application, 265 ICC 543.

8. On December 5, 1949 the entire Commission denied the plaintiffs' petition for reconsideration.

9. The ultimate findings made or affirmed by Division 4 in its report of May 17, 1949, and affirmed by the entire Commission, are that:

a. The plaintiffs' transportation business is that of a contract carrier by water as defined in Section 302(e) of the Interstate Commerce Act, 49 U.S.C.A. § 902(e);

b. The plaintiffs' evidence of past bona fide operations requires the issuance to them of a permit for future operations as a contract carrier by water under Section 309(f) of the Interstate Commerce Act to charter non-self-propelled vessels to persons other than carriers at Memphis, Tennessee; to engage in towing service between points on the Mississippi River and its tributaries, including the Ohio River as far as Paducah, Kentucky, but excluding the Gulf Intracoastal Waterway; to transport by barge and tugboat forest products on the Mississippi River and its tributaries below and including Cairo, Illinois; but not on the Ohio River or the Gulf Intracoastal Waterway;

c. The plaintiffs' transportation by water of contractors' equipment, materials and supplies incidental to and used with such equipment in construction work on the Mississippi River and its tributaries, and at places along such waterways, is exempt from the regulatory provisions of the statute in accordance with Section 303(e) of the Interstate Commerce Act;

d. The plaintiffs' transportation services by water for other carriers and of gasoline in certified tank vessels is exempt from the regulatory provisions of the Interstate Commerce Act;

e. The plaintiffs' evidence of past bona fide operations did not entitle them to a permit to transport general commodities by water in a freighting operation; to transport forest products on the Mississippi River or its tributaries above Cairo, Illinois, or on the Ohio River or the Gulf Intracoastal Waterway; to engage in towing service on the Ohio River above Paducah, Kentucky, or on the Gulf Intracoastal Waterway; or to charter self-propelled vessels.

10. On February 9, 1950 the plaintiffs filed with this Court a complaint, naming the United States of America and the Interstate Commerce Commission as defendants, alleging that the Commission's action was arbitrary, capricious, based on a wrong interpretation of the Interstate Commerce Act, and that the findings made were contrary to, against the weight of, and without support in the evidence as to:

a. The restriction on the plaintiffs' future freighting operations as a contract carrier as to territory and commodities;

b. The restriction on plaintiffs' future towing operations as a contract carrier;

c. The restriction on plaintiffs' future chartering operations as a contract carrier; and

d. The exemption of certain services from regulation in lieu of subjecting them to such regulation and issuing a permit therefor.

11. The complaint prayed for a temporary restraining order to restrain the enforcement of the Commission's final order and permit; for a judgment annulling and setting aside of such order and permit; that this Court direct the Commission to review plaintiffs' application and to interpret

the law so as to result in the issuance of a permit authorizing plaintiffs to engage in the transportation as a contract carrier by water of general commodities on the rivers claimed; and for other relief.

12. On April 3, 1950, the American Barge Line Company, the Mississippi Valley Barge Line Company, and the Union Barge Line Corporation, water carriers who are competitors of the plaintiffs, were permitted by the Court to intervene as parties-defendant.

13. All defendants thereafter answered, denying generally the material portions of the complaint.

14. The statutory three-judge court was convened pursuant to Title 28 United States Code, Section 2284 and Section 2325.

15. The Court heard the oral arguments of counsel for the plaintiffs, the United States of America, the Interstate Commerce Commission, and the intervening defendants on July 6, 1950, and briefs were filed by all parties. The entire record made before the Commission was introduced in evidence before the Court.

16. The reports of Division 4 of the Interstate Commerce Commission upon which the permit and the order of exemption are based contain the essential basic findings of fact.

17. The findings of fact made by Division 4 of the Interstate Commerce Commission and affirmed by the entire Commission are supported by substantial evidence, and are adopted by the Court.

### Conclusions of Law

1. The amended permit and order made by Division 4 is neither arbitrary nor capricious but in all respects was made in accordance with law.

 2. The determination of the scope of a permit issued under Section 309(f) of the Interstate Commerce Act has been conferred upon the Interstate Commerce Commission and its determination is final unless not based upon substantial evidence or unless it is arbitrary or capricious, or is not made in accordance with the Interstate Commerce Act or other applicable statutes.

3. The plaintiffs have the burden of proving to the Interstate Commerce Commission that they are entitled to a permit under Section 309(f) of the Interstate Commerce Act.

4. The Commission is empowered to weigh the evidence and the Court will not substitute its judgment for that of the Commission.

5. The Commission properly construed the statute by denying under Section 309(f) those claims to operating authority for which substantial evidence was not submitted as to past bona fide operations.

6. The Commission properly construed Section 303(e) by exempting from regulation the plaintiffs' transportation services in the transportation of contractors' equipment, materials and supplies, for the Commission properly found that such transportation met the conditions of the congressional policy of exemption declared in Section 303(e).

7. The Commission properly applied the statute in denying plaintiffs authority to engage in the transportation of general commodities in a freighting operation based upon the evidence of exempt transportation in the absence of substantial evidence of past bona fide transportation of non-exempt commodities in a freighting operation.

8. The complaint should be dismissed.